THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR414 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES DAILEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress and an Amended Motion to Suppress filed by Defendant James Dailey. Docs. 18, 26. The Government timely opposed the motion. Doc. 20. The Court conducted an evidentiary hearing on July 28, 2022 and orally denied the motion and amended motion. The Court hereby supplements its oral order, and the motion and amended motion are hereby DENIED the pending motion.

The sole issued presented by Dailey's motion is his contention that officers lacked probable cause to stop his vehicle and detain him while he was at a gas station. Dailey is correct that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of th[e] [Fourth] Amendment[ ], even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653, (1979). Generally, the Fourth Amendment requires at least a "reasonable suspicion" that

an individual has committed a crime before the individual may be seized. *See United States v. Palomino*, 100 F.3d 446, 449 (6th Cir.1996); *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

In the instant matter, Officer Thomas Kloock's testimony is dispositive of Dailey's arguments. Kloock explained that officers observed a white Dodge Charger stop briefly at a known drug house. Kloock ran the plates on the vehicle and learned that the vehicle was a rental. Believing that the Charger's occupants had engaged in drug activity, Kloock and others decided to follow the vehicle in the hope of effectuating a lawful traffic stop. While following the vehicle, Kloock observed the vehicle "rolling through stop signs, not coming to a complete stop as well as turning down different streets without signaling." Doc. 43 at 8. Accordingly, Kloock attempted to effectuate a traffic stop. The Charger, however, refused to stop and sped away. Given the nature of the offense, no high-speed pursuit was engaged in by the officers.

The following day, officers observed the same white Dodge Charger at a gas station a few blocks from where the events the prior evening had occurred. Officers were able to verify that it was the same vehicle by verifying the matching license plate number that Kloock had previously observed. Officers then determined to stop the vehicle and further investigate. Upon approaching the vehicle, officers saw drugs in plain view in the vehicle.

The facts above amply demonstrate that officers had both reasonable suspicion and probable cause to stop the Charger. Officers had witnessed the Charger violate numerous traffic laws and then unlawfully flee from police. Accordingly, upon seeing the same vehicle the following day in a nearby location, officers were permitted to

lawfully detain the vehicle to further investigate.  Dailey, therefore, has failed to demonstrate any constitutional deficiency in the stop of the vehicle.  Moreover, while he has not challenged it, the Court also notes that the officers' observations of drugs in plain view in the Charger authorized the subsequent search of the vehicle and Dailey's arrest.

Based upon the above, Dailey's motion to suppress is DENIED.

IT IS SO ORDERED.


October 18, 2022                                    /s/ Judge John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT